FILED

November 10 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0219

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 380N

ESSEX INSURANCE COMPANY,

      Plaintiff and Appellee,

    v.

ACCEPTANCE INDEMNITY INSURANCE
COMPANY,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DV 2007-0830
                Honorable G. Todd Baugh, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

            Steven W. Reida, Landoe, Brown, Planalp & Reida, Bozeman, Montana

      For Appellee:

            Brian J. Smith, Kristina K. McMullin, Garlington, Lohn & Robinson,
            PLLP, Missoula, Montana


                    Submitted on Briefs:  October 21, 2009

                                 Decided:  November 10, 2009


Filed:

                _____
                              Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Acceptance Indemnity Insurance Company appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment in favor of Essex Insurance Company. We affirm.

¶3    In February 2006, Treston Vermandel filed a complaint against the Red Door Lounge (the Lounge). Vermandel alleged that a visibly intoxicated patron was served alcohol at the Lounge and that the patron was known to be violent and aggressive. The patron subsequently attacked Vermandel, and, as a result, Vermandel suffered serious injuries. The complaint alleged a dram shop violation arising out of the service of alcohol to the intoxicated patron, and also a separate claim for premises liability, given that the plaintiff's injuries occurred on the grounds of the insured premises.

¶4    The Lounge had two insurance policies at the time of the incident alleged in the complaint. Essex insured the Lounge under a commercial general liability policy. Acceptance insured the Lounge under a liquor liability policy. Both policies contained exclusions for coverage for damages arising out of assault and battery.

2

¶5     The Lounge submitted the defense of Vermandel's claims to Essex.  Essex believed that the commercial general liability policy contained an exclusion of policy coverage for Vermandel's claims; accordingly, Essex agreed to defend under a reservation of rights.  The Lounge similarly made a written demand upon Acceptance to defend and indemnify the Lounge against the dram shop claim made by Vermandel, but Acceptance denied coverage because of the assault and battery exclusion in the policy.

¶6     In May 2006, Essex filed a declaratory judgment action and asked the court to determine the extent of Essex's responsibility under the commercial general liability policy.  The Lounge subsequently filed an answer, counterclaim, and third-party complaint against Acceptance, seeking a declaration that Acceptance had a duty to defend and indemnify.  Acceptance failed to answer the complaint and a default judgment was entered against it.  The court determined that Acceptance had a duty to defend and indemnify under its policy.  Acceptance does not challenge the default judgment on appeal.

¶7     Vermandel's suit against the Lounge was eventually settled on the eve of trial. Essex contributed five percent and Acceptance contributed ninety-five percent of the total settlement.  The issue before the District Court in this case was the proper allocation of the cost of the defense of the Lounge between Essex and Acceptance.  Essex filed a summary judgment motion and maintained that defense costs should be allocated according to the settlement.  Because Essex contributed five percent of the settlement, Essex argued that it should be responsible for five percent of the defense costs.  For its part, Acceptance maintained that Essex was required to bear the full cost of the defense

because Essex had failed to notify Acceptance of the declaratory judgment action and the default judgment. In the alternative, Acceptance argued that the defense costs should be split fifty-fifty.

¶8 The court granted summary judgment in favor of Essex. "Based on the facts and equitable considerations," the court concluded that Essex was required to pay five percent of the defense costs and that Acceptance was required to pay ninety-five percent of the defense costs. In particular, the court noted that "Acceptance should have been providing or at least participating in providing a defense to the Red Door Lounge" from the time that Vermandel filed suit. The District Court concluded that "[i]f Acceptance had been doing what it should have been doing on behalf of its insured, . . . it is possible that Essex and Acceptance would have long ago resolved for themselves the appropriate split of defense costs."

¶9 The main thrust of Acceptance's argument on appeal is that the division of the defense costs was not equitable in light of the facts and circumstances in this case. Acceptance maintains that the District Court ignored the doctrine of equitable contribution and "the general equities of the situation." Acceptance argues that Essex should not be able to benefit from its failure to notify Acceptance of the default judgment against Acceptance. Acceptance reiterates its contention that Essex should be liable for the full cost of the defense, or, in the alternative, fifty percent of the cost.

¶10 Essex responds by arguing that the District Court was not required to apply the doctrine of equitable contribution in this case. Because the Essex and Acceptance insurance policies do not insure the same risk, the principles of equitable contribution do

not apply. Essex also notes that it had no duty to inform Acceptance of the default-judgment proceedings. Lastly, Essex maintains that fairness and equity favor Essex, not Acceptance, because Essex provided a defense and Acceptance failed to do so.

¶11 We review a district court's decision to grant summary judgment de novo. *Libby Placer Min. Co. v. Noranda Min. Corp.*, 2008 MT 367, ¶ 25, 346 Mont. 436, 197 P.3d 924. The moving party must establish the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. *Libby Placer Min. Co.*, ¶ 25.

¶12 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit because the District Court correctly concluded that the division of the defense costs between Essex and Acceptance was appropriate. Further, the District Court correctly determined that Essex was entitled to judgment as a matter of law.

¶13 Affirmed.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

5